# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> V. <br> **DIANE IRENE ZENDEZAS** | **ORDER OF DETENTION PENDING TRIAL** <br><br> Case Number:  1:05-CR-245 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with interstate travel in aid of a racketeering enterprise, and with conspiring to distribute methamphetamine and marijuana in this district. Following her initial arrest here in April 2005, defendant was allowed to return to California because she stated her mother was very ill and because she agreed to assist law enforcement officers. After she returned to California, law enforcement officers were unable to keep track of her. They attempted to contact the telephone numbers she left with them but were not successful. Ultimately she was discovered to be in jail following her August 2005 conviction in a state court for attempting to import 60 lbs. of marijuana (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings or the safety the community, based upon the unrebutted presumption. Alternatively, defendant's "disappearance" in California after being released in this district combined with her attempting to smuggle 60 lbs. of marijuana into this country during this same period of time when she was supposed to be assisting DEA agents, and her lack of any ties to (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated:  December 6, 2005 | /s/ Hugh W. Brenneman, Jr. |
| | *Signature of Judicial Officer* |
| | Hugh W. Brenneman, United States Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. Diane Irene Zendezas
1:05-CR-245
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

    from Mexico. Thus, given the opportunity to assist authorities and prove herself a good bond risk, defendant chose instead to continue her criminal activities. Defendant has absolutely no ties to this district, has lost contact with her 11 siblings and four 4 children, and has been unemployed since 2003. She apparently stays in touch with her mother, who is fortunately being cared for by some ladies in California. The Pretrial Services office has experienced difficulty in attempting to verify information about her in California. She does, however, have a felony conviction for taking a vehicle, burglary and possessing marijuana (the August conviction). Her license has been suspended/revoked for failing to appear in a California Superior Court.

**Part II - Written Statement of Reasons for Detention - (continued)**

    whatsoever to this district (other than to bring drugs here) establish by a preponderance of the evidence that there are no conditions that will reasonably assure that the defendant will return on her own to be prosecuted in this district, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure she will not continue to transport drugs even if she is on bond, given the opportunity to do so.